William McKenna and John McKenna, Executors of James McMichael and Mrs. Samuel McMichael, Harry Walter McMichael, Samuel McMichael, Mrs. Harry Walter McMichael, James Bryan, William Kessler and John S. Flack *v.* Walter McMichael and Elizabeth J. McMichael, Appellants.

*Will—Execution of will—Lost will—Evidence—Issue devisavit vel non.*

The contents of an alleged lost will, relied on as a revocation of one of an earlier date offered for probate, cannot be shown where its execution has been proved by the testimony of only one witness, without the necessary corroborating circumstances.

Argued Nov. 9, 1898. Appeal, No. 161, Oct. T., 1898, by defendants, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1898, No. 520, on verdict for plaintiffs. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue devisavit vel non.

On the trial for an issue to determine the validity of an alleged will of James McMichael, deceased, dated October 1, 1896, defendants alleged undue influence, and that the will had been revoked by one made on or about February 2, 1897, which had been lost.

When Elizabeth J. McMichael was on the stand defendants offered to prove by her that two days after the death of James McMichael, she saw the will of February 13, 1897, written by Flack and witnessed by Hebert and Coughlin, in the possession first of Samuel McMichael and subsequently of his wife, devisees under the will of October 1, 1896, and that the said will has been suppressed by the said Samuel McMichael.

Plaintiffs objected to the offer as incompetent and irrelevant

By the Court: Objection sustained and bill sealed. [1]

Defendants offered to prove by John S. Flack, the contents of the paper drawn as a will by witness for James McMichael, in February, 1897, for the purpose of showing that the provisions thereof were inconsistent with the provisions of the alleged will of date October 1, 1896. This for the purpose of showing a revocation upon the part of James McMichael, the testator.

Plaintiffs objected to the offer as incompetent and irrelevant.

By the Court: Objection sustained and bill sealed. [2]

The court charged as follows:

[This case has gone off, as is conceded by counsel, practically upon a question of law. The will was attacked upon the ground of undue influence, and upon the ground that it had been revoked by a second will. I have very serious doubts about the propriety of trying that latter question in an issue upon this first alleged will, but we have allowed the case to go on notwithstanding that doubt. But under the rulings of the court there is nothing here to submit to the jury upon either of these questions. There is no evidence here which would justify you in finding that the will was procured by undue influence, nor is there sufficient evidence of the making of a second will. It has to be proved by two witnesses, and that does not seem to have been done in this case. It will, therefore, be your duty, if you believe the truth of the formal testimony as to the execution of this will by the testator, to find a verdict for the plaintiffs on both issues certified here for the trial.] [3]

Verdict and judgment for plaintiffs. Defendants appealed.

On a motion for a new trial McCLUNG, J., filed the following opinion:

This is a feigned issue to try the validity of an alleged will of one James McMichael, deceased, bearing date October 1, 1896. It is conceded that he was of sound mind and competent to make a will; nor is it questioned that he did on October 1, 1896, formally execute the paper offered for probate. The grounds of attack by contestants were, first, that this will was revoked by a will executed by the testator in February, 1897; and, second, that the October will was procured by undue influence. It

is plain that there was no evidence submitted or offered which would at all sustain the allegation of undue influence. The jury was instructed that there was not sufficient evidence of the execution of a subsequent will, and hence that the contestants had wholly failed to sustain their attack on the will offered for probate. The correctness of this instruction is the only matter requiring discussion. Undoubtedly if there had been evidence to go to the jury of the proper execution of this February will, the question of its loss and then of its contents would have been proper subjects for testimony, but proof of execution failing, proof of these matters could avail nothing.

Victor Hebert testifies to the execution of a will by McMichael in February, 1897. The statute requires the testimony of two witnesses. Have we a second witness, or its equivalent? We readily solve this question by excluding wholly from consideration the testimony of Hebert. Then, although we reduce our demands to one instead of two witnesses, we have absolutely nothing in the way of proof that McMichael signed a will at all in February. Outside of Hebert's testimony there is nothing to indicate that the February paper prepared by Flack was ever signed "at the end thereof." The alleged second will was supported by only one witness, and hence can have no effect as a will, and the directions given to them were correct. The motion for a new trial must be refused.

*Errors assigned* were (1–2) rulings on evidence, quoting the bill of exceptions; (3) charge of the court, quoting it.

*L. K. Porter,* with him *S. G. Porter,* for appellants.—The testimony of John Coughlin, we think, coupled with the testimony of Victor Hebert, the other witness, was sufficient proof of the execution of the will: Leckey v. Cunningham, 56 Pa. 370 ; Combs's Appeal, 105 Pa. 155 ; Jones v. Murphy, 8 W. & S. 275 ; Gardner's Est., 164 Pa. 420.

*George H. Quaill* and *E. E. Kiernan,* for appellees, were not heard, but cited in their printed brief: Deaves's Est., 140 Pa. 242; Foster's App., 87 Pa. 67 ; Hock v. Hock, 6 S. & R. 47 ; Reynolds v. Reynolds, 16 S. & R. 82 ; Derr v. Greenawalt, 76 Pa. 239 ; Simrell's Est., 154 Pa. 604 ; Koller's App., 167 Pa. 30.

Per Curiam, January 3, 1899:

The learned court below was entirely correct in excluding the offers to prove the contents of the alleged second will. There was no sufficient proof of the execution of that will, and hence its contents could not be given in evidence. The reasons for the rulings of the court are sufficiently set forth in the opinion on the motion for a new trial and need not be repeated.

Judgment affirmed.